UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RHEA B. LUCIEN | CIVIL ACTION |
| VERSUS | NO. 18-8072 |
| CHRISTIAN VICTOR FUGAR ET AL. | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Defendant Evelyn Fugar's Motion appealing the Magistrate Judge's June 6, 2019 Order that denied Fugar's Motion to Appoint Counsel (Doc. 26). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This is a contract dispute arising out of a loan that Plaintiff Rhea Lucien allegedly made to Defendants Christian and Evelyn Fugar to fund the construction of a school in Ghana. On April 30, 2019, Defendant Evelyn Fugar, a resident of Texas, filed a Motion to Appoint Counsel.[1] In support of her Motion, she stated: "I do not know what to do or where to start. I absolutely don't have anything to do with this case. I got thrown under the bus."[2]

This Court referred the Motion to Appoint Counsel to the Magistrate Judge pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1)(A).[3] The Magistrate Judge then ordered Evelyn Fugar to "certify in writing the steps she has taken

---

[1] Doc. 18.
[2] *Id.* at 1.
[3] Doc. 19.

1

to secure counsel."[4] Fugar did so, explaining in a May 20, 2019 filing that she had reached out to two lawyers.[5] Fugar identified one of the lawyers as a member of Stone Pigman's New Orleans office, but added that "because it was very expensive . . . they are not able to represent or help me."[6] Fugar further explained that she had "contacted another lawyer here in Houston . . . but she told me she could not [represent me] because of where the case is."[7] Fugar did not say whether she contacted any other attorney in her efforts to obtain representation in this matter.

In a June 6, 2019 Order and Reasons, the Magistrate Judge denied Fugar's Motion. The Magistrate Judge found that "[t]he resolution of the claim is relatively simple, i.e. did Fugar pay the debt back that was borrowed or not."[8] The Magistrate Judge further noted that "[t]he claim is not complex, Fugar is able to defend herself, [and] there would be minimal if any investigation" necessary to litigate the suit.[9] Accordingly, the Magistrate Judge held that "there are no exceptional circumstances favoring the appointment of counsel."[10]

On June 20, 2019, Evelyn Fugar filed the instant Motion appealing the Magistrate Judge's denial of Fugar's request for an appointment of counsel.[11] The Court will now consider the Motion.

---

[4] Doc. 20.
[5] Doc. 21 at 1.
[6] *Id.*
[7] *Id.*
[8] Doc. 25 at 2.
[9] *Id.*
[10] *Id.*
[11] Doc. 26.

## LEGAL STANDARD

A district judge may refer any non-dispositive pretrial matter to a United States Magistrate Judge.[12] District judges must consider timely objections to rulings by magistrates on such matters, and they must "modify or set aside any part of the order that is clearly erroneous or contrary to law."[13] "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."[14] More specifically, "[a]n order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'"[15]

## LAW AND ANALYSIS

In support of her Motion, Evelyn Fugar states:

1. I am being accused of owing a huge amount of money that I know nothing about.

2. Legal terms and vocabularies are hard to understand and be able to answer to. Can I please be granted counsel to help me defend myself?[16]

While the Court recognizes the difficulty of defending a lawsuit *pro se*, Fugar has failed to show that the Magistrate Judge's ruling was clearly erroneous. As an initial matter, nothing in the record indicates that Fugar cannot afford an attorney except for Fugar's statement that it would be "very expensive" to hire an attorney from Stone Pigman's New Orleans office.[17] This

---

[12] 28 U.S.C. § 636(b)(1)(A). *See* Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).
[13] *See* FED. R. CIV. P. 72(a).
[14] Moore v. Ford Motor Co., 755 F.3d 802, 808 n.11 (5th Cir. 2014) (quoting St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 2006)).
[15] Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).
[16] Doc. 26 at 1.
[17] Doc. 21 at 1.

Court does not disagree. If, however, such a statement was sufficient to warrant appointed legal representation, nearly everyone would qualify.

"There is no absolute right to an attorney in civil cases."[18] As the Magistrate Judge found, nothing about this case presents "exceptional circumstances" justifying the appointment of free counsel. Accordingly, unless and until Fugar can show exceptional circumstances justifying the need to appoint her a lawyer, this Court will not do so.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's June 6, 2019 Order is **AFFIRMED**, and Defendant Evelyn Fugar's Motion (Doc. 26) is **DENIED**.

New Orleans, Louisiana this 2nd day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] McGee v. W. Express, Inc., No. 3:15-3673, 2016 WL 11372246, at *1 (N.D. Tex. Jan. 4, 2016) (internal quotations and citation omitted). *See* Naranjo v. Thompson, 809 F.3d 793, 799 (5th Cir. 2015) ("A § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right.").