UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RHEA B. LUCIEN | CIVIL ACTION |
| VERSUS | NO. 18-8072 |
| CHRISTIAN VICTOR FUGAR ET AL. | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Plaintiff Rhea Lucien's unopposed Motion for Summary Judgment (Doc. 39). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This case arises out of a purported loan agreement entered into between Plaintiff, Rhea Lucien, and Defendants, Christian Fugar and Evelyn Fugar. Lucien loaned the Fugars money to "be used to build and start an education institution" in Accra, Ghana. The institution was initially referred to as the American International High School but later became the United States International College.

The purported loan was originally executed as a promissory note dated August 3, 2011 ("the Note"). The Note expressly describes the money as a "personal loan totaling $300,000" for the purpose of erecting a high school in Accra, Ghana.[1] The Note also states that the "loan is clearly understood to be

---

[1] Doc. 39-2 at 1.

1

a personal loan to Christian Victor and Evelyn Edem Fugar, and the American International High School, and not an investment (which assumes the risk of loss)."[2] The Note also provides that Defendants

> agree to re-pay the $300,000 loan as [they] proposed to Mrs. Lucien, in increments of $55,000.00 (Fifty Five Thousand Dollars) annually beginning year 2013 and continuing through year 2018, provided the growth and viability of the school is as projected. In the event the growth does not meet the goals as described in the referenced and attached document [Defendants] presented, [they] agree to make best efforts payments based on the actual growth of the school.[3]

To secure repayment of the loan, the Note names Lucien as a primary beneficiary of the Defendants' life insurance policy and pledges liens on various properties owned by Defendants. No other promissory notes have been executed since the 2011 Note, but the parties exchanged several newer, draft promissory notes and written letters in an attempt to "renegotiate the outstanding debts."[4]

Plaintiff now moves this Court to find that there is no genuine dispute as to the following material facts: (1) that a loan agreement was made in the amount of $683,000 between Plaintiff and Defendants; (2) that the loan remains unpaid; (3) that repayment of the loan is triggered by the completion of the school, which is a suspensive condition solely within Defendants' control; and (4) that Defendants willfully delayed the completion of the school, rendering the purported suspensive condition null.[5] Defendants did not file an opposition. The Fifth Circuit approaches the automatic grant of dispositive

---

[2] *Id.*
[3] *Id.* at 2.
[4] Doc. 39-1 at 3.
[5] *Id.* at 1, 11.

2

motions with considerable aversion.[6] Accordingly, this Court has considered the merits of Plaintiff's Motion.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "A motion for summary judgment cannot be granted simply because there is no opposition; [h]owever, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."[8] "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by [the Federal Rules of Civil Procedure], the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[9]

## LAW AND ANALYSIS

### A. Whether Agreement was a Loan in the Amount of $683,000

Plaintiff first asks this Court to conclude that there is no genuine dispute that the agreement entered into between Plaintiff and Defendants is a loan, and the amount of the loan is $683,000. Resolving this question requires the

---

[6] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[7] FED. R. CIV. P. 56.
[8] Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (citing Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)) (internal quotations and citations omitted).
[9] FED. R. CIV. P. 56(e). *See* Calais v. Theriot, 589 F. App'x 310, 311 (5th Cir. 2015).

Court to interpret the agreement entered into between the parties and their intent behind the agreement.[10]

"The words of a contract must be given their generally prevailing meaning."[11] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[12] Here, the Note unambiguously and consistently categorizes the agreement entered into between the parties as a "personal loan." In fact, the Note takes care to explicitly differentiate between a loan and an investment, noting that the agreement is "not an investment (which assumes the risk of loss)."[13] Additionally, Mr. Fugar described the agreement as a loan in a February 26, 2018 letter to Lucien's executor, Edgar Chase.[14] Mr. Fugar also described the agreement in his deposition as "a loan given to me."[15] Lucien also refers to the agreement as a loan throughout her deposition testimony.[16] The Court finds that there is no genuine dispute that the agreement entered into between the parties was a loan, as expressly evidenced by the parties' Note and their own statements.

The evidence also demonstrates that the amount of the loan is for $683,000. While the Note provided for a $300,000 loan, the parties acknowledge and agree that the amount has since increased to $683,000. Mr. Fugar's February 26, 2018 letter to Lucien's executor states, "I wish to acknowledge and assure you that I owe Mrs. Rhea B. Lucien the sum of

---

[10] LA. CIV. CODE ANN. art. 2045 ("Interpretation of a contract is the determination of the common intent of the parties.").
[11] *Id.* art. 2047.
[12] *Id.* art. 2046.
[13] Doc. 39-2 at 1.
[14] Doc. 39-8 at 1.
[15] Doc. 39-10 at 13.
[16] Doc. 39-9.

4

$683,000.00."[17] Mr. Fugar further acknowledged in his deposition that the loan amount increased from $300,000 and that he currently owes Mrs. Lucien "for the amount of $683,000."[18] Accordingly, the Court finds that there is no genuine dispute that the current amount of the loan made by Mrs. Lucien to Defendants is for $683,000.

### B. Whether the Loan has been Repaid

In his deposition, Mr. Fugar acknowledges that he has not repaid any of the money loaned by Lucien.[19] In the absence of any disputing evidence or opposition by Defendants, the Court finds that there is no genuine dispute that Defendants have failed to pay back any of the loaned money to Lucien.

### C. Whether Repayment of the Loan was Subject to a Suspensive Condition

Plaintiff asserts that repayment of the loan is subject to the construction and operation of the school—a suspensive condition solely within the Defendants' control. Plaintiff points to the following language in the Note in support:

> Further, we agree to re-pay the $300,000 loan as we proposed to Mrs. Lucien . . . provided the growth and viability of the school is as projected. In the event the growth does not meet the goals as described in the referenced and attached document we presented, we agree to make best efforts payments based on the actual growth of the school.[20]

Plaintiff argues that that the loan "remains unpaid because the United States International College has not opened, is not open and will not open in the foreseeable future," and that the Court, therefore, "must find that the

---

[17] Doc. 39-8 at 1.
[18] Doc. 39-10 at 7, 12.
[19] *Id.* at 4 ("Q: Okay. But my question is; right now, you haven't repaid any of the money? A: No. The school has not started.").
[20] Doc. 39-2 at 2.

5

defendants are willfully preventing the suspensive condition for [sic] occurring, thereby making the condition null."[21]

"A conditional obligation is one dependent on an uncertain event. If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive."[22] "A suspensive condition that depends solely on the whim of the obligor makes the obligation null."[23] To rule in Plaintiff's favor, this Court must preliminarily find that the completion of the school is an uncertain event, and second, that completion of the school is dependent upon Defendants' whim, rendering the obligation null. Based on a review of the evidence presented, however, this Court disagrees. The undisputed evidence demonstrates that the parties contemplated that construction of the school was a certain, not uncertain event. Repayment of the loan, therefore, is subject to a term—not a condition.

> A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. It is uncertain when it is not fixed but is determinable either by the intent of the parties or by the occurrence of a future and certain event. It is also uncertain when it is not determinable, in which case the obligation must be performed within a reasonable time.[24]

The Court first looks to the Note. Two provisions in the Note support a finding that the loan is subject to a term rather than a condition. First, the Note expressly states that "this loan is clearly understood to be a personal loan . . . and not an investment (which assumes the risk of loss)."[25] If construction of the school was uncertain, then Lucien would be assuming the "risk of loss," as Defendants' obligation to repay Lucien would not be triggered unless and

---

[21] Doc. 39-1 at 4.
[22] LA. CIV. CODE ANN. art. 1767.
[23] *Id*. art. 1770.
[24] *Id*. art. 1778.
[25] Doc. 39-2 at 1.

6

until the school was completed. The parties clearly contemplated that repayment of the loan was certain as evidenced by their express rejection of Lucien assuming "the risk of loss." Finding that completion of the school is an uncertain event would directly contradict the express, written intent of the parties.

Second, the Note says that Defendants would begin to repay Lucien beginning in 2013, "provided the growth and viability of the school is as projected."[26] The Note goes on to say that, "[i]n the event the growth does not meet the goals as described . . . we agree to make best efforts payments based on the actual growth of the school."[27] The Note, therefore, provides a provision for repayment in the event that the school's *growth* is not as projected but is silent on repayment in the event that the school is never completed. This too supports a finding that the parties did not contemplate that the school being built was an uncertain event.

The Court also looks to the February 2018 letter written by Mr. Fugar to Mr. Chase. In it, Mr. Fugar acknowledges that he owes Lucien $683,000 and assures Mr. Chase that "the entire amount will be paid within eight years if not earlier."[28] When an obligor's performance is subject to a condition, it is antithetical for him to assure that his performance will take place, as this is contrary to the definition of a condition—the occurrence of an *uncertain* event. This letter evidences the fact that Defendants contemplated that completion of the school was a certain event, as they continued to assure repayment of the loan.

---

[26] *Id*. at 2.
[27] *Id*.
[28] Doc. 39-8 at 1.

7

Finally, the deposition testimony of Lucien demonstrates that repayment of the loan is subject to a term. She testified that Mr. Fugar agreed to repay the loan; that she expected to be repaid when the school opened; that she still expects to be repaid; and that she views the loan as open-ended until the school opens.[29] If the parties contemplated that the school's completion was an uncertain event, then neither Lucien nor Mr. Fugar would be so unequivocal about the payment becoming due at some point in the certain future. Accordingly, the Court must conclude that repayment of the loan is not subject to a suspensive condition, but rather, a term for performance.[30]

In sum, the Court finds that the agreement made between Plaintiff and Defendants is a loan, and the loan has an unpaid balance of $683,000. Defendants, the obligors, have a term of performance for the repayment of the loan, and the term for performance is the time it takes to complete the school. Having made these findings, the Court need not address the remaining issues in Plaintiff's Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED IN PART**.

New Orleans, Louisiana this 20th day of February, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] Doc. 39-9 at 4–6.
[30] *See* Mortee v. Edwards, 20 La. Ann. 236, 237 (1868) (holding that a promissory note that falls due on the happening of an event is not a conditional obligation but a term).

8