UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHEA B. LUCIEN** | **CIVIL ACTION** |
| **VERSUS** | **NO:    18-8072** |
| **CHRISTIAN VICTOR FUGAR, ET AL.** | **SECTION: "H" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Notice Informing the Honorable Court of Plaintiff's Arbitrary Change of Paragraph 8(a) of Consent Judgement (R. Doc. 63)**, construed by the District Judge as a Motion for Settlement Enforcement, filed by Defendant Christian Fugar seeking an order from the Court enforcing provision 8(a) of the consent judgment, which sets the date of the balloon payment as March 1, 2023 and not March 1, 2021 (the date included in the promissory note). This motion is opposed. R. Doc. 68. This motion was referred to the undersigned United States Magistrate Judge for hearings and resolution including a report and recommendation pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and (2). R. Doc. 70.

### I.    Background

**A.  Underlying Claim**

Plaintiff Rhea B. Lucien filed this complaint on August 23, 2018, related to Defendants Christian Victor Fugar's and Evelyn Fugar's default on a loan agreement. R. Doc. 1. Plaintiff contends that she loaned Defendants money to build a school in Accra, Ghana. *Id.* The institution was initially referred to as the American International High School but later became the United States International College. *Id.* According to Plaintiff, Defendants have failed to repay any of the monies owed. *Id.* Plaintiff further alleges that there is no evidence of the school's construction. *Id.*

In a motion for summary judgment, the Court determined that there was an unpaid balance of $683,000.00 and the term for performance is the time it takes to complete the school. R. Doc. 48.

On March 9, 2020, the parties reached a settlement agreement, which was recorded in open court. R. Doc. 52. On May 5, 2020, plaintiff moved for a stipulation and entry of consent judgment in which Mrs. Fugar was dismissed and Mr. Fugar agreed to repay the $683,000 loan amount subject to an interest rate of two percent (2%) per annum. *See* R. Doc. 54. The consent judgment also detailed the terms of the loan repayment. *Id.* On May 6, 2020, the Court entered that consent judgment and filed it in the record. R. Doc. 55.

**B. The Dispute**

On March 26, 2021, Mr. Fugar filed the instant motion. R. Doc. 63. In the motion, Mr. Fugar contends that he received a promissory note from Plaintiff's attorney as contemplated by the oral consent made on the record. *Id.* Fugar further contends that Plaintiff's attorneys changed the date of a $2,500.00 balloon payment from March 1, 2023 to March 1, 2021. *Id.* Mr. Fugar also notified the Court that he made the first payment on the loan in the amount of $250.00 on March 1, 2021. *Id.*

In opposition, the Plaintiff contends that the terms of that promissory note, including the date on which payments were to commence, were agreed upon during the settlement conference, and Defendant agreed to execute the promissory note. R. Doc. 68. Plaintiff further contends that she does not understand the basis for Defendant's motion as the commence date for repayment of the loan is March 1, 2021. *Id.*

On June 3, 2021, the District Judge referred the motion to the undersigned United States Magistrate Judge. R. Doc. 70.

After reviewing the pleadings, the Court notes that the Defendant is not contesting the settlement terms, which have since been converted to a consent judgment. Defendant, however, contends that the terms of the promissory note do not match the terms agreed to in the settlement

agreed to on the record converted consent judgment. The Court, therefore, construes this motion as a motion to enforce judgment.

## II. Standard of Review

As this Court specifically retained jurisdiction for the purpose of disputes arising out of the agreement, the Court retains the authority to enforce the consent judgment. *See Coldwell Banker Real Est. Corp. v. O'Neal*, No. CIV.A. 06-2515, 2009 WL 2058783, at *2 (E.D. La. July 13, 2009) (citations omitted).

> A consent order, while founded on the agreement of the parties, is nevertheless a judicial act, enforceable by sanctions including a citation for contempt. A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order. The civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court.

*Little Tchefuncte River Ass'n v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (citing *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987)).

In a civil contempt proceeding, the movant must prove by clear and convincing evidence: "(1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Id.*

## III. Analysis

It is undisputed that on May 6, 2020, the Court entered a consent judgment agreed upon by both Mr. Fugar and Ms. Lucien. R. Doc. 55. Among other things, the consent judgment provides that the Court will retain jurisdiction over this matter for purposes of enforcing the consent judgment and the underlying promissory note that will be executed by Mr. Fugar. R. Doc. 55, ¶ 6.

Defendant Fugar contends that the terms of the underlying promissory note do not match the terms of the consent judgment as placed on the record. R. Doc. 53. Specifically, Mr. Fugar contends that the date of the first balloon payment is March 1, 2023 and not March 1, 2021. *Id.* Plaintiff

3

complains that Mr. Fugar has yet to execute the promissory note in violation of the consent judgment. R. Doc. 68.

The consent judgment clearly stipulates that "[r]epayment of the loan is to commence on March 1, 2021." R. Doc. 55, ¶ 8. Starting March 1, 2021, Fugar is to make a payment to Plaintiff in the amount of $250.00 every month. R. Doc. 55, ¶ 8(a). The consent judgment further states that on March 1, 2023, Mr. Fugar shall make a balloon payment in the amount of $2,500.00. *Id.* These are the same terms that parties agreed to on the record when the settlement took place. *See* R. Doc. 72.

The Court has received and reviewed *in camera* the promissory note at issue and is ordering it be filed into the record under seal. Despite these very clear pronouncements, the attorneys for the Plaintiff drafted the promissory note in a manner inconsistent with the verbal agreement and consent judgment. The promissory note stipulates the $2,500.00 balloon payment is due on March 1, 2021 and not March 1, 2023. This is patently incorrect.

Mr. Fugar was right to not execute a promissory note that does not reflect the terms of the consent judgment. Defendant's balloon payment is due on March 1, 2023—not March 1, 2021. The promissory note should be conformed to the terms of the consent judgment. Until such time, Defendant Fugar need not sign it.

Technically, the Court could have found the Plaintiff and her lawyers in contempt of the judgment for failure to abide by the terms of the agreement. The Court, however, will extend grace at this time. The Court suggests in the future that Plaintiff's attorneys remain vigilant in their attention to detail as the next occasion the Court will not be so gracious. The Court further orders the Plaintiff to rewrite the terms of the promissory note to reflect the terms of the consent judgment as stipulated on the record.

Finally, the Court addresses Mr. Fugar's various Notices Informing the Honorable Court of Payment. *See* R. Docs. 63-3, 67, 69. While the Defendant should keep a personal record of his

payments in this case, the Court does not need a monthly notice of payment by Defendant. Mr. Fugar should not file any further notices regarding his payment unless and until a dispute arises.

### IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Defendant's **Notice Informing the Honorable Court of Plaintiff's Arbitrary Change of Paragraph 8(a) of Consent Judgement (R. Doc. 63)** construed as a Motion for Judgment Enforcement is **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff shall conform the terms of the promissory note to the terms of the consent judgment and resend the promissory note to Defendant Christian V. Fugar for execution **no later than fourteen (14) days** from the signing of the order, at which point Mr. Fugar will have thirty (30) days to execute the promissory note.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of June 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**